R. E. WORRALL, County Court Clerk for Davidson County, Tennessee, et al., Appellants,

v.

The KROGER CO., an Ohio Corporation, Appellee.

Supreme Court of Tennessee.

Jan. 17, 1977.

Robert W. Rutherford, Dept. of Law of Metropolitan Government, William J. Haynes, Jr., Asst. Atty. Gen., Brooks McLemore, Jr., Atty. Gen., Nashville, for appellants.

W. W. Berry, James C. Gooch, Nashville, for appellee.

## OPINION

COOPER, Chief Justice.

This appeal is from a decree of the Chancery Court of Davidson County that the Kroger Company can offset *all* personal property taxes paid the Metropolitan Government of Nashville and Davidson County against the gross receipts tax owed by Kroger to Metro under the Business Tax Act.

The Kroger Company filed this action against R. E. Worrall, the County Court Clerk of Davidson County, seeking a refund of gross receipts taxes assessed under the "Business Tax Act" and paid under protest.

The taxpayer, the Kroger Company, is engaged in the business of operating retail grocery stores. During the tax year involved, Kroger operated thirteen such stores in Davidson County. In addition, Kroger operated a distribution center located on Elm Hill Pike in Nashville, Tennessee. The function of the distribution center was to provide a central office and warehouse for Kroger's retail outlets. Kroger's business records were maintained at the distribution center, and merchandise was collected there and then distributed to the various retail outlets. No sales were made from the distribution center, other than dispositions of damaged merchandise and waste materials. Merchandise was transferred at cost from the distribution center to the Farmer's Market Warehouse Store, a wholly owned subsidiary of the Kroger Company.

For the tax year ending November 30, 1974, Kroger filed a consolidated business tax return, covering its places of business in Davidson County, and tendered payment of $240.50, which was the amount of the minimum tax due for the retail outlets after taking credit for personal property taxes paid Metro.

Mr. Worrall refused to accept the payment, advising Kroger's that it could not take credit for personal property taxes attributable to its distribution center, and demanded payment of $19,918.40. Kroger's paid this sum under protest, and then filed suit for the recovery of $19,677.90, being the amount of taxes paid under protest less the minimum tax of $240.50 conceded by Kroger's to be due.

The Commissioner of Revenue for the State of Tennessee was permitted to intervene as a defendant, since a part of the gross receipts tax paid by Kroger's ultimately would be paid to the state.

On trial of the cause, the chancellor concluded, among other things, that:

"2. The Business Tax Act allows credit on business tax for all personal property tax paid under T.C.A. § 67–601, *et seq.*, to the government to which it owes business tax. T.C.A. § 67–5814(c).

"3. The statute contains no limit or qualification to each location or outlet as claimed by defendant. The only limit is that a taxpayer, in computing its business tax to a governmental entity, can only take credit for personal property tax paid to that governmental entity. T.C.A. § 67–5814(d).

"4. The plaintiff's Distribution Center is not a separate place of business from the retail outlets, therefore, even if defendant's construction of the statute was correct, plaintiff would still be entitled to credit for all the personal property taxes paid to defendant."

The chancellor then entered a decree holding that Kroger's was entitled to recover the business tax paid under protest, plus interest from the date of payment.

Appellants insist that the chancellor erred in interpreting the provisions of the

Business Tax Act so as to allow plaintiff to interchange tax credits among its various business locations in computing its business tax liability. Appellants also assign as error the finding by the chancellor that Kroger's distribution center was not a separate place of business.

The Business Tax Act, enacted in 1971, is set forth in T.C.A. §§ 67–5801—67–5829. By it, the legislature undertook to create a system of state and local taxation upon the privilege of engaging in certain types of business activities, replacing certain parts of the privilege tax law of the state and providing for a classification of businesses for the state and local administration of the system of taxation established in the Act. The legislature expressly stated that it intended the taxes imposed by the Act to be "in lieu of any or all ad valorem taxes on the inventories of merchandise held for sale or exchange by persons taxable" under the Act. T.C.A. § 67–5801.

Section 67–5805 sets forth various classifications of businesses, and Kroger comes within classification 1, which includes persons engaged in the business of selling food.

Section 67–5806 requires each taxpayer to pay a minimum tax of $15.00 for "each place, location or outlet from which business is carried on". In addition to the minimum tax, each taxpayer is required to pay a tax on its gross receipts according to the taxpayer's dominant business activity. The percentage rate of taxation for businesses in Kroger's classification is $\frac{1}{15}$ of 1% of retail sales.

Section 67–5807 provides for the filing of tax returns for each location or outlet and the date of payment of the taxes. By an amendment passed in 1973, a taxpayer operating more than one place of business is permitted to file "a consolidated tax return for all business locations in a single taxing jurisdiction."

Section 67–5814 sets forth credits allowed a taxpayer in computing its business tax liability. The relevant portions of the section provide as follows:

"*67–5814. Credits Allowable.*—The following credits may be taken by persons filing and paying tax imposed by this chapter:

(a) . . .

(b) The minimum tax actually paid;

(c) . . . for each year subsequent to 1971, personal property taxes paid as a result of assessments made under the provisions of § 67–601 et seq. . .

(d) Provided, however, that the sum of the credits allowable under subsections (b) and (c) of this section may not exceed the amount owed from applying the prescribed tax rate against the measure of the tax. Provided, further, however, that the credit authorized in subsection (c) of this section is allowable only on returns filed with, and taxes paid to, each respective governmental entity to which personal property taxes are paid as a result of assessments made under the provisions of § 67–601 et seq."

The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention or purpose of the legislature as expressed in the statute. *State ex rel. Rector v. Wilkes,* 222 Tenn. 384, 436 S.W.2d 425 (1968). This legislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used, when read in the context of the entire statute, without any forced or subtle construction to limit or extend the import of the language. *Rector v. Wilkes, supra; Moto-Pep v. McGoldrick,* 202 Tenn. 119, 303 S.W.2d 326 (1957); *Rose v. Blewett,* 202 Tenn. 153, 303 S.W.2d 709 (1957).

Appellants argue that the several references in the Act to a minimum tax for each outlet or location or place of business "evince a scheme of taxation applicable to the remaining taxes due under the Act." and that the scheme is that the taxpayer is to compute his gross receipts tax liability on each separate retail outlet, taking as a credit only the personal property taxes attributable to that outlet.

In our opinion the minimum tax provision of the Act is not a controlling fact in determining whether, in the computation of the

gross receipts tax, the appellee has the right to a credit for *any and all* personal property taxes paid to the taxing authority. As is pointed out by appellee in its brief, "the imposition of a minimum tax for each retail outlet is similar to the old requirement that a merchant pay a minimum license fee for the privilege of operating at each separate location, regardless of the volume of business at such location. Such license fees are a familiar way of taxing business activity, and it is not surprising that the drafters of the Business Tax Act chose to impose a minimum fee for the privilege of operating each separate retail outlet."

But, further and more important, the construction placed on the Business Tax Act by appellants ignores the salient fact that the legislature declared its intent that the taxes imposed by the Act be "in lieu on *any and all ad valorem taxes* on the inventories of merchandise held for sale or exchange by persons taxable" under the Act. To accomplish its intent, the legislature expressly provided that in computing its business tax liability, the taxpayer could take credit for *all* personal property taxes paid the taxing authority to which it owes business tax, subject to the limitation that the credit taken can not exceed the business tax owed. If the legislature had intended to further limit the credit for personal property taxes as contended by the defendants, it could easily have said so, but it did not.

Absent such a limitation, we are constrained to agree with the chancellor's construction of the Business Tax Act and hold, as he did, that the Act allows credit on the business tax for all personal property tax paid under T.C.A. § 67–601 *et seq.* to the government to which the business tax is owed.

Appellants have also assigned as error the finding by the chancellor that Kroger's distribution center was not a separate place of business.

This finding obviously was to support the chancellor's holding that Kroger's is entitled to a refund of the business tax paid under protest, in the event this court placed a construction on the Act different from the one voiced by the chancellor. Since we have concluded the construction placed on the Act by the chancellor is correct, this assignment is not controlling and is pretermitted.

The decree of the chancellor is affirmed. Costs incident to the appeal are adjudged against the appellants.

FONES, BROCK and HARBISON, JJ., concur.

HENRY, J., not participating.