**VAWTER, KENNEDY AND KENNEDY, P.C., a Tennessee Professional Corporation, for the Use and Benefit of Bobby G. KENNEDY, Plaintiff–Appellant,**

v.

**Vilas V. VAWTER, Jr. and Von Gammon, Defendants–Appellees.**

Supreme Court of Tennessee,
at Jackson.

Aug. 28, 1989.

Rehearing Denied Sept. 25, 1989.

T.F. Jackson, III, Donald Capparella, Memphis, for plaintiff-appellant.

William H. Lawson, Jr., Russell J. Hensley, Ava M. Hicks, Memphis, for defendants-appellees.

## OPINION

DROWOTA, Chief Justice.

This appeal presents both procedural and substantive issues. The Chancellor granted Defendant's motion to dismiss for failure to state a claim upon which relief could be granted. The Court of Appeals in a split decision affirmed and dismissed the case on procedural grounds. Judge Frank Crawford dissented stating that he would reverse the decision of the trial court and remand for a hearing on the merits. We granted Plaintiff–Appellant's Rule 11 Application and after further consideration of the issues presented, we agree with Judge Crawford's dissenting opinion and remand this case to the trial court.

In September, 1981, Plaintiff–Appellant, Bobby Kennedy, and his brother entered into an agreement with the Defendant, Vilas Vawter, which resulted in the formation of the accounting firm of Vawter, Kennedy and Kennedy, P.C. Each Kennedy brother owned twenty-five percent of the corporation and Vawter owned fifty percent.

In 1984, the corporation issued an additional one hundred (100) shares of stock, of which forty-five (45) were sold to the Defendant Von Gammon, and the remaining fifty five (55) shares were divided among the three original shareholders. Thereafter, Vawter and Gammon entered into a voting trust agreement, giving Vawter proxy for Gammon's shares and effective control of 52.5% of the corporation. Plaintiff owns 213.75 shares, Vawter owns 427.5 shares, and Gammon owns 45 shares.

In November, 1985, Vawter informed Kennedy that he was going to vote his shares to remove Plaintiff as an employee, officer and director of the corporation. A buy-out of Plaintiff's shares was proposed. Vawter carried out his threats and Plaintiff was terminated. Shortly thereafter Plaintiff filed suit, alleging derivative causes of

action for redemption, dilution of stock value, and nonderivative causes of action for fraud, civil conspiracy, breach of fiduciary duty, and voting trust violations.

Plaintiff brought suit in the name of Vawter, Kennedy, and Kennedy, P.C. for his use and benefit pursuant to T.C.A. §§ 48–3–405(c) and 48–1–915, as a dissenting shareholder entitled to valuation and payment for his shares in the corporation. The Plaintiff asked the court to determine the fair value of the shares and to require the corporation to redeem his shares of stock.

The defendants Vawter and Gammon filed a motion to dismiss contending that the Plaintiff had no cause of action pursuant to T.C.A. §§ 48–3–405(c) and 48–1–915. The Chancellor held in ruling on Defendant's motion to dismiss: "This action is dismissed pursuant to Tennessee Rules of Civil procedure 12.02(6) for failure to state a claim upon which relief may be granted. The plaintiff has no cause of action under T.C.A. § 48–3–405 in that the statute only allows for redemption of the stock of a deceased, retired or disqualified shareholder. The plaintiff does not come within such classifications. The plaintiff, as admitted in his complaint, was involuntarily terminated from his employment with the corporation."

A majority of the Court of Appeals affirmed the Chancellor on entirely different grounds, finding that the Plaintiff failed to name the proper parties to the derivative actions for redemption of minority shares and dilution of stock value. The majority held: "The relief sought by Kennedy pursuant to § 48–1–915 cannot be granted against these defendants [Vawter and Gammon]. This statute only provides a method for shares of stock to be valued and redeemed by the corporation. Since this action was brought against the wrong party, it is unnecessary for this Court to decide whether Kennedy would qualify as a retired shareholder under § 48–1–915." The dissent of Judge Crawford argued that the technical defects in the style of the case were neither prejudicial to the proper parties who had notice and were before the Court, nor subject to objections by the Defendants, who thus waived them; moreover, Judge Crawford contended that the proper remedy in this situation was a remand to permit amendments under Rule 17, T.R.C.P.

As stated earlier in this opinion, we agree with Judge Crawford's assessment of this case. In his dissent he states:

T.C.A. § 48–1–915 (1984) provides that a suit *quasi in rem* shall be brought in the corporation name against "the dissenting shares for which the corporation has not agreed to make payment, joining the holders of such shares and asking for ... a determination of the fair value of their shares...." The statute then requires that the decree be rendered for the dissenting shareholder against the corporation for the value of their shares. T.C.A. § 48–1–915(b).

The majority points out that "the relief sought by Kennedy pursuant to § 48–1–915 cannot be granted against these defendants." If Kennedy had styled his lawsuit against himself as a dissenting shareholder, the relief sought by Kennedy pursuant to the statute could not be granted against him. Obviously under the statute the relief sought by Kennedy pursuant to the statute cannot be granted against anyone except the corporation. The statute is quite clear that the relief granted is against the corporation and it is equally clear that the corporation is the party plaintiff. In the case before us, the proper party plaintiff, the corporation, was present and judgment could have been rendered in that case against the corporation pursuant to the statute.

The trial court treated the case as properly filed, apparently because the naming of the majority shareholders Vawter and Gammon did not have any real effect on a *quasi in rem* suit such as this. *Quasi in rem* is defined as a type of jurisdiction of a court based on a person's interest in property within the jurisdiction of the court. *Black's Law Dictionary 1121 (5th ed. 1979).* In the case at bar, shares of stock for which valuation was sought were within the jurisdiction of the court

and the trial court so treated the case in ruling on the motion to dismiss for failure to state a claim. I feel that the majority is being overly technical in this particular situation. . . .

Judge Crawford, having decided that an amendment should have been allowed, addressed the trial court's decision on the motion to dismiss.

> The trial court's decision is premised on its interpretation of T.C.A. § 48–3–405 (1984). The trial court held that Kennedy did not "retire from the corporation, but was terminated against his will and that action was not retirement as used in the statute ... The rule of statutory construction to which all others yield is that the intention of the Legislature must prevail. *City of Caryville v. Campbell County*, 660 S.W.2d 510 (Tenn.App.1983). The Legislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used when read in the context of the entire statute, and without any forced or subtle construction to limit or extend the import of the language. *Worrall v. Kroger Company*, 545 S.W.2d 736, 738 (Tenn.1977); *City of Caryville v. Campbell County*, 660 S.W.2d 510 (Tenn.App.1983). . . . The language of the Act, reading the Act as a whole and considering the purpose for which it was passed, imparts to this writer that the Legislature intended that when one ceases to be engaged in the profession as a member of the professional corporation, he is entitled to get his share of the P.C. returned to him. It just does not make any sense to say that the Legislature intended, for example, that a licensed lawyer changing his association from time to time could be forced to own shares in several P.C.'s in which he was not actively engaged in the practice.

> The trial court held that the word "retired" or "retirement" is a voluntary termination of employment, and not involuntary termination of employment. I disagree. "Retire" means to withdraw. *See Webster's Ninth New Collegiate Dictionary (1986).* It could be voluntary or involuntary. . . . In my opinion the only reasonable interpretation considering the purpose of the Act is to provide for a method of payment for the shares when the professional licensee ceases to practice with the professional association."

■ We are of the opinion that the Legislature intended the use of the word "retire" to mean retire from, withdraw from or to terminate employment.[1] We are also of the opinion that Plaintiff would qualify as a retired shareholder under § 48–3–405(c), which would enable him to bring suit as a dissenting shareholder under § 48–1–915. The Chancellor erred in finding that the Plaintiff did not come within the classifications of T.C.A. § 48–3–405, and in dismissing Plaintiff's suit for failure to state a claim upon which relief may be granted.

■ We are in agreement with Judge Crawford that the Court of Appeals was overly technical in dismissing this case on procedural grounds. We are of the opinion that this cause should be remanded to the trial court in order to allow the Plaintiff to amend his complaint and have the parties properly aligned.

The judgment of the trial court and Court of Appeals in dismissing this case is reversed and this case is remanded to the trial court for further proceedings in accordance with this opinion. The costs of this appeal are taxed to Appellees.

FONES, COOPER, HARBISON and O'BRIEN, JJ., concur.

---

1. Public Chapter No. 226, SB 777/HB 795 (1989) amended T.C.A. § 48–3–405 to provide that if a shareholder voluntarily or involuntarily withdraws from employment with a professional corporation, such shareholder shall have the same right to redemption of shares as retired, disqualified, or deceased shareholder.