Roger CARROUM, Plaintiff,

v.

DOVER ELEVATOR COMPANY,
Defendant and Third–Party
Plaintiff/Appellee,

v.

BUDGETEL INNS, A DIVISION OF
BUDGETEL DEVELOPMENT COR-
PORATION, d/b/a and a/k/a B & G
Realty, Inc., Third–Party Defen-
dants/Appellants.

Court of Appeals of Tennessee,
Western Section,
at Jackson.

July 3, 1990.

Application for Permission to Appeal
Denied by Supreme Court
Oct. 8, 1990.

DeWitt M. Shy, Jr., Burch, Porter &
Johnson, Memphis, for defendant and third-
party plaintiff/appellee.

Carl Wyatt, Glassman & Jeter, P.C.,
Memphis, for third-party defendants/appel-
lants.

FARMER, Judge.

Third-party defendant appeals the trial
court's order granting the third-party plain-
tiff summary judgment based upon an in-
demnity clause contained in an agreement
between these two parties.

This action arose out of an injury sus-
tained by Roger Carroum on March 14,
1986. Carroum was hired by Budgetel

Inns ("Budgetel") to move furniture into hotel rooms as they were completed by the carpenters. Carroum contends that, while moving furniture, he stepped into an elevator which dropped about one and a half feet causing him to fall. Carroum sued Dover Elevator Company ("Dover") alleging that Dover failed to properly install, maintain and operate the elevator. Dover answered denying all allegations of negligence and alleged that Carroum's sole remedy was worker's compensation against his employer. Dover then filed a third-party complaint against Budgetel for indemnification for any amounts which Dover might ultimately be adjudged liable as a result of Carroum's lawsuit. Dover based its third-party complaint upon an indemnity clause in an agreement between Dover and Budgetel. Budgetel answered the third-party complaint and affirmatively pleaded as a defense T.C.A. § 62–6–123 (1986), which renders certain indemnity agreements void. Both Dover and Budgetel filed motions for summary judgment on the third-party complaint. The trial court granted Dover's motion and denied Budgetel's motion. The trial court further directed entry of a final judgment as provided by Rule 54.02 T.R. C.P. On appeal Budgetel raises the following issues:

1. Did the trial court err in overruling third-party defendant's motion for summary judgment, said motion being based on T.C.A. § 62–6–123?

2. Did the trial court err in granting the third-party plaintiff's motion for summary judgment, said motion being based upon the indemnity agreement contained in the contract between the third-party plaintiff and third-party defendant?

Summary judgment is to be rendered by a trial court only when it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R.Civ.P. 56.03 (1989). In ruling on a motion for summary judgment, the trial court and the Court of Appeals must consider the matter in the same manner as a motion for a directed verdict made at the close of the plaintiff's proof, i.e., all the evidence must be viewed in the light most favorable to the

opponent of the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. It is only when there is no disputed issue of material fact that a summary judgment should be granted by the trial court and sustained by the Court of Appeals. *Graves v. Anchor Wire Corp. of Tennessee*, 692 S.W.2d 420 (Tenn.App. 1985); *Bennett v. Mid–South Terminals Corp.*, 660 S.W.2d 799 (Tenn.App.1983). The summary judgment procedure is not to be regarded as a substitute for trial of disputed factual issues. *Evco Corp. v. Ross*, 528 S.W.2d 20 (Tenn.1975). The party who moves for summary judgment has the burden of showing that no genuine issue of material fact exists. *Taylor v. Nashville Banner Publishing Co.*, 573 S.W.2d 476 (Tenn.App.1978), cert. denied, 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 396 (1979).

Budgetel asserts that the trial court erred in denying its motion for summary judgment which was based on T.C.A. § 62–6–123 as follows:

**Indemnify or hold harmless agreement invalid.**—A covenant, promise, agreement or understanding in or in connection with or collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of a building, structure, appurtenance and appliance, including moving, demolition and excavating connected therewith, purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee, his agents or employees, or indemnitee, is against public policy and is void and unenforceable.

Budgetel contends that the agreement between Dover and Budgetel is not valid because it calls for indemnity by Budgetel to Dover in contradiction of T.C.A. § 62–6–123. The agreement between Budgetel and Dover provides, in part, as follows:

It is expressly understood and agreed, that in consideration of our performing the service specified at the price stated,

you agree to indemnify, defend and save us harmless from and against any and all claims, demands, suits, proceedings, or recoveries made or brought against us at any time, and from and against all expenses, legal or otherwise, which we may sustain on account of or in connection with, or arising out of any injury to any person or persons (except our employees) and/or any loss or damage to property, in any way due to or arising out of the presence, use, operation, repair, maintenance or removal of said elevators or any of them; irrespective of the manner in which such injury, loss or damage was caused. We shall not be held responsible or liable for any loss, damage, detention, or delay resulting from causes beyond our reasonable control, including but not limited to accidents, fire, flood, acts of God, civil or military authorities, insurrection or riot, labor troubles including any strike or lockout which interferes with the performance of work at the building site or our ability to obtain parts or equipment used in the performance of this agreement, in the event of delay due to any such cause, our performance under this agreement will be postponed without liability to us by such length of time as may be reasonably necessary to compensate for the delay. In no event will we be responsible for special, indirect, incidental or consequential damages.

■ The premier rule of statutory construction is to ascertain and give effect to the legislative intent, and in ascertaining this intent, we look to the general purpose to be accomplished by the Legislature. *Tidwell v. Collins*, 522 S.W.2d 674 (Tenn. 1975). The legislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used when read in the context of the entire statute without any forced or subtle construction to limit or extend the import of the language. *Worrall v. Kroger Co.*, 545 S.W.2d 736 (Tenn.1977); *City of Caryville v. Campbell County*, 660 S.W.2d 510 (Tenn.App.1983). It is the duty of this Court to reconcile inconsistent or repugnant provisions of a statute and construe a statute so that no part will be inoperative, superfluous, void, or insignificant. It must give effect to every word, phrase, clause, and sentence of the act in order to achieve the Legislature's intent, and it must construe a statute so that no section will destroy another. *City of Caryville*, 660 S.W.2d at 512. T.C.A. § 62–6–123 provides that certain types of indemnity agreements are against public policy and thus void and unenforceable. The statute provides that an agreement "in or in connection with or collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of a building, structure, appurtenance and appliance ... purporting to indemnify or hold harmless the promisee against liability ... caused by or resulting from the sole negligence of the promisee ... is against public policy and is void and unenforceable."

Budgetel contends that the hotel was still under construction and that the agreement between Dover and Budgetel was "relative to the construction, ... repair or maintenance of a building, structure, [or] appurtenance...." In a response to Budgetel's first request for admissions, Dover denied that the Budgetel Inn was still under construction on the date Carroum was injured and contended that, although it was not yet open to the public, it was structurally complete on that date lacking only the interior furnishings. Also, Dover contends that T.C.A. § 62–6–123 applies only to construction and building contracts and to certain activities within those types of contracts because it is included in Chapter 6 entitled "General Contractors" which is an attempt to regulate general contractors and the construction industry. Dover contends that the contract between Budgetel and Dover was a service agreement to provide a person to run the elevator, not a construction contract, and thus the indemnification provision is valid and enforceable. Dover installed the elevator under a separate contract.

■ As we interpret T.C.A. § 62–6–123, there is no language limiting its applicability solely to construction contracts. Looking at the natural and ordinary meaning of

this statute, we interpret it to include any agreement relative to the construction of a building. Thus a contract to provide certain services relative to a building under construction under a separate contract would be included under T.C.A. § 62–6–123 and any provision purporting to indemnify or hold harmless the promisee against liability arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee is against public policy and is void and unenforceable.

■ In the deposition of Carroum, considered by the trial court in the motions for summary judgment, there is evidence to show that the Budgetel Inn was still under construction. For example, the following questions were asked and answered:

Q. Did you work your way up or down?

A. We worked—what was available as the carpenters would finish a room, they would turn it over to the Inn. They would say this room is finished or this area is finished and they would turn it over to the Inn. There would be an inspection made by the inkeeper [sic], the manager, and he would either accept it or reject it and if he accepted it then we had access to those rooms. Any other rooms that were not turned over by the construction company we were not allowed to go in.

Q. Do you know who the construction company was?

A. No, I do not.

. . . .

Q. Were there any other employees of Budgetel using that elevator other than you and Mr. Rice that day?

A. Mr. Rice, myself and there were four—three to four other people working with us plus the punch out crews, the maintenance crews, the carpenters.

In addition, Dover's records describe the work performed subsequent to the date of the accident as:

Delivered three fire signs for elevator lobby's [sic]. Also ran elevator to patch small holes in hoistway, and ran elevator so city elevator inspector could final the elevator.

Our review of the record reveals that there are issues of material fact concerning whether or not Budgetel Inn was still under construction, thus this was not a proper case for summary judgment.

The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings not inconsistent with this opinion. Costs of the appeal are taxed to the appellee, Dover, for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.