SAFECO INSURANCE COMPANY OF AMERICA, General Insurance Company of America, First National Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Life Insurance Company; and Safeco National Life Insurance Company, Plaintiffs–Appellants,

v.

STATE of Tennessee, COMMISSIONER OF COMMERCE AND INSURANCE, Defendant–Appellee.

Supreme Court of Tennessee, at Knoxville.

Sept. 14, 1992.

Gail Vaughn Ashworth, Nashville, for plaintiffs-appellants.

Charles W. Burson, Atty. Gen. and Reporter, Steven E. Winn, Asst. Atty. Gen., Nashville, for defendant-appellee.

## OPINION

REID, Chief Justice.

This case presents an appeal by plaintiff insurance companies from an order of the Tennessee Claims Commission denying the refund of penalties and interest assessed to the plaintiffs by the Commissioner of Commerce and Insurance for the late filing of tax returns and payment of taxes on insurance premiums. The parties agree that the plaintiffs owed and paid the taxes due; the dispute is whether the payments were delinquent and, therefore, subject to penalty and interest. The record supports the decision of the Commissioner.

Plaintiffs, as insurance companies engaged in writing insurance in Tennessee, are subject to premium taxes imposed by T.C.A. § 56–4–201, *et seq.* The tax returns and payments in dispute were due to be filed on or before March 1, 1990, pursuant to T.C.A. § 56–4–205(a). On February 27, 1990, plaintiffs deposited the tax returns and payments in the United States mail, first class, at their offices in Seattle, Washington. The returns and payments were sent in envelopes bearing plaintiffs' metered postage date of February 27, 1990. No post office cancellation mark stamped by the United States Post Office was on any of the envelopes. The returns and payments were received by the Commissioner on March 5, 1990. Penalties and interest in the amount of $36,473.06 were assessed by the Commissioner and paid by the plaintiffs under protest. Plaintiffs subsequently filed this action seeking refunds.

T.C.A. § 56–4–212 imposes penalties and interest on gross insurance premium taxes that are not timely paid. The conditions under which returns and payments are deemed timely are set forth in T.C.A. § 56–4–216(c):

(c) Notwithstanding any other provisions of the statutes of this state, no grace period for the filing of returns and payments shall be allowed. A premium tax return and payment made to the department shall not be considered as paid on or before March 1 and/or September 1 of each year unless:

(1) The premium tax return and payment is received in the office of the department on or before March 1 or September 1 of each year;

(2) The premium tax return and payment bears a post office cancellation mark stamped by the United States post office on or before March 1 and/or September 1, or is mailed by certified or registered mail, or has a certificate of mailing on or before March 1 and/or September 1. *A premium tax return and payment received by the department bearing a metered mail stamp and no post office cancellation mark stamped by the United States post office, shall be deemed filed and received on the date such premium tax return arrives at the department;* or

(3) In the event a premium tax return and payment is mailed but not received by the department, or received and the cancellation mark is illegible or omitted, such return and payment shall be deemed filed and received on the date they were mailed if the sender establishes that the premium tax return and payment were deposited in the United States mail. In order to establish proof of mailing under these circumstances, a record authenticated by the United States post office that the original mailing was sent registered mail, certified mail, or by certificate of mailing, shall be the only proof accepted by the department. (emphasis added).

Plaintiffs admit that the returns and payments were not in "technical compliance" with the statute, but nevertheless insist they should be permitted to utilize the provisions of T.C.A. § 56–4–216(c)(3) to establish the actual date of mailing. Plaintiffs'

position is contrary to the plain language of T.C.A. § 56–4–216(c). The statute sets out exacting requirements regarding the filing of returns and payment of taxes. The situation presented by this case is specifically addressed in the second sentence of subsection (c)(2), which provides that "[a] premium tax return and payment received by the department bearing a metered mail stamp and no post office cancellation mark ... *shall* be deemed filed and received on the date such premium tax return arrives at the department." (Emphasis added.) *See Baker v. Seal,* 694 S.W.2d 948, 951 (Tenn.App.1984) (use of the word "shall" in a statute implies legislative intent to make action or inaction *mandatory*). Subsections (c)(2) and (c)(3) are unambiguous and, therefore, must be interpreted according to their plain meanings. *Federal Exp. Corp. v. Woods,* 569 S.W.2d 408, 411 (Tenn.1978) (when the words of a statute are plain and unambiguous, the assumption is that the "legislature intended what it wrote and meant what it said"). The pertinent language must be considered in the context of the entire statute "without any forced or subtle construction extending its import." *Id.* (citing *Worrall v. Kroger Co.,* 545 S.W.2d 736 (Tenn. 1977)).

Subsection (c)(3), by its specific terms, is not applicable to the facts in this case because the returns and payments were received by the Commissioner "bearing a metered mail stamp and no post office cancellation mark stamped by the United States post office," precisely the circumstances that bring the case within the terms of subsection (c)(2), not subsection (c)(3). In addition, subsection (c)(3) would provide the plaintiffs no relief because the returns and payments were sent by metered mail, not registered mail, certified mail, or by a certificate of mailing as expressly limited by that subsection.

The language of the statute and the applicable rules of construction foreclose plaintiffs' argument that the limitation of proof stated in subsection (c)(3) applies to the Commissioner of Commerce and Insurance but not to the court.

The record supports the Commissioner's award of summary judgment, which judgment is affirmed. Costs are taxed to the plaintiffs.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.