IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 7, 2000 Session

# EXXON CORPORATION v. METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, ET AL.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 99-2695-II      Carol L. McCoy, Chancellor**

_____

**No. M2000-00614-COA-R3-CV - Filed January 24, 2001**

_____

Company acquired a business that had a previous permit to sell beer at the site.  Company then removed the existing structure and built a new building.  It applied for a beer permit which was denied by Beer Board on the grounds that the new structure did not satisfy current distance requirements in regards to its distance from a playground. Company appealed to the trial court citing grandfather provisions in the Tennessee Code.  Trial court affirmed the denial stating that the term "location" in the Code referred to the actual building and not the property on which it rested.  We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which BEN H. CANTRELL, J., joined. HOLLY K. LILLARD, J., filed a separate opinion concurring in part and dissenting in part.

Scott K. Haynes, Nashville, Tennessee, for the appellant, Exxon Corporation.

Karl F. Dean, Shayna Abrams, and David Diaz-Barriga, Nashville, Tennessee, for the appellee, The Metropolitan Government of Nashville and Davidson County, Tennessee and The Metropolitan Beer Permit Board of the Metropolitan Government of Nashville and Davidson County, Tennessee.

## OPINION

In 1999, Exxon acquired a business located at 1401 Charlotte Avenue in Nashville, Tennessee in order to construct a Tigermarket.  The previous business had held a beer permit and had sold beer on the property since May 26, 1992.  Exxon removed the existing structure and built a new building on a different site on the property.  After the building had been completed, Exxon

submitted an Application for a Beer Permit for its new business.[1]  The Metropolitan Beer Permit Board of the Metropolitan Government of Nashville and Davidson County ("Metro Beer Board") denied the application on the grounds that the new structure was less than 100 feet from a playground in violation of Metro Code.  Exxon appealed this decision to the trial court, citing grandfather provisions under section 57-5-109 of the Tennessee Code.  The trial court denied Exxon's petition seeking relief from the Metro Beer Board's denial of a permit.  The trial court found that the grandfather clause in section 57-5-109 of the Tennessee Code did not apply in this case because 'location' as listed in the statute referred to the physical structure of a building.

The issue, as we perceive it, is as follows:

Did the trial court err when it determined that Exxon was not entitled to protection under section 57-5-109 of the Tennessee Code?

Our review in this case with respect to the trial court's legal conclusions is *de novo* with no presumption of correctness.  *See, e.g., Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999); Tenn. R. App. P. 13(d).

### Statute Interpretation

Section 57-5-109 of the Tennessee Code states:

A city or county shall not suspend, revoke or deny a permit to a business engaged in selling, distributing or manufacturing beer on the basis of the proximity of the business to a school, residence, church, or other place of public gathering if a valid permit had been issued to any business on that same location as of January 1, 1993. This section shall not apply if beer is not sold, distributed or manufactured at that location during any continuous six-month period after January 1, 1993.

Tenn. Code Ann. § 57-5-109 (Supp. 2000).

Under the basic rules of statutory construction, "courts are restricted to the natural and ordinary meaning of the language used by the Legislature within the four corners of the statute, unless an ambiguity requires resort elsewhere to ascertain legislative intent." *Austin v. Memphis Pub. Co.*, 655 S.W.2d 146, 148 (Tenn. 1983).  A court must determine the "legislative . . . purpose . . . primarily from the natural and ordinary meaning of the language used, when read in the context

---

[1] Exxon had previously obtained a conditional beer permit from the Metro Beer Board.  The Metro Beer Board makes conditional approvals of beer permit applications before construction is complete in order to facilitate the application process.  Applications are given final approval upon completion of the construction if the structure meets all the conditions required under the applicable Metropolitan Code section.

of the entire statute, without any forced or subtle construction to limit or extend the import of the language." *Id.* at 149 (quoting *Worrall v. Kroger Co.*, 545 S.W.2d 736, 738 (1977)).

It is thus necessary to examine section 57-5-109 of the Tennessee Code and, using the "natural and ordinary meaning of the language used" within the statute, determine the intent of the legislature. Both the Appellant and the Appellee argue that the definition of the term 'location' is controlling in this case. Exxon argues the "natural and ordinary" definition of location is the "designation of the boundaries of a particular piece of land." *Black's Law Dictionary* 847 (5th ed. 1979). Thus, Exxon contends, the Tigermart was constructed at the same location as the previous business and is entitled to the grandfather protection in the statute.

Metro Beer Board argues that the definition of 'location' is the "site or place where something is or may be located."[2] *Id.* Metro Beer Board cites several cases in which 'location' has referred to the building in which beer was sold. *See generally, Bostic v. Board of Comm'rs*, 1992 WL 62013, at *1 (Tenn. Ct. App. March 31, 1992); *Lones v. Blount County Beer Bd.*, 538 S.W.2d 386 (Tenn. 1976); *Needham v. Beer Bd.*, 647 S.W.2d 226 (Tenn. 1983). None of these cases, however, address the interpretation of the statute currently before this court. Metro Beer Board argues that as 'location' refers to the building in which beer was previously sold, when Exxon demolished the existing structure to build the Tigermart, the location was changed. As such, Exxon was not entitled to the grandfather protection in section 57-5-109 of the Tennessee Code.

Upon review by the court, it is clear that both definitions of 'location' are correct. However, this court recognizes that the statute must be read in the context of the language of the *entire* statute. With an examination of all the language within the statute, it is possible to determine the legislative intent in using the word 'location.'

Examining the statute, it is clear that the legislature intended to provide protection to businesses that had valid permits if that permit "had been issued to any business **on** that same location as of January 1, 1993." Tenn. Code Ann. § 57-5-109 (Supp. 2000) (emphasis added). Thus, 'location' must be examined in the context of its use in the part of the statute stating "on that same location." 'On' is defined as "upon. . . at or in contact with [the] upper surface of a thing." *Black's Law Dictionary* 981 (5th ed. 1979). Thus, the phrase "on that same location" as used in the statute must refer to a business that sits **upon** that same location.

Comparing the definitions of the word 'location' offered by both parties, it is clear that Exxon's definition of 'location' is correct when examined in context with the remainder of the statute.[3] The legislature clearly intended that in this statute "on that same location" would have the

---

[2]Metro Beer Board actually cites the seventh edition of *Black's Law Dictionary* in its arguments. This edition defines location as "[t]he specific place or position of a person or thing." *Black's Law Dictionary* 951 (7th ed. 1999). For consistency, we have cited from the fifth edition in this opinion as the differences in the definitions are minor.

[3]With this opinion, we by no means suggest that the word 'location' as used by the Legislature will always refer
(continued...)

same meaning as "upon that same property." We believe that, had the legislature intended the definition contended by the Metro Beer Board, it would have written a statute allowing business "upon that same building" or "within the same building" to be protected under the grandfather provision. Metro Beer Board's interpretation of the statute is clearly not consistent with the "natural and ordinary meaning of the language used." *Austin*, 655 S.W.2d at 148.

As this court is "restricted to the natural and ordinary meaning of the language used by the Legislature within the four corners of the statute," it is clear that Exxon meets the requirements set forth under section 57-5-109 of the Tennessee Code.[4] *Id.* As such, the trial court was incorrect when it failed to grant Exxon's petition for relief and we remand this case to the trial court for rulings not inconsistent with this opinion.

## Conclusion

Based on the foregoing conclusions, we hereby reverse the trial court's judgment. Costs on appeal are assessed against the Appellees, the Metropolitan Government of Nashville and Davidson County, Tennessee, and the Metropolitan Beer Permit Board of the Metropolitan Government of Nashville and Davidson County, Tennessee, and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[3](...continued)
to the boundaries of property. It is merely our intention to reinforce the well-settled case law that the proper definition of a word should be determined through an examination of its use in the context of the language of the entire statute.

[4]It is clear from the record and undisputed by the parties that Exxon met the six month requirement in the statute.