IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 12, 2019 Session

## AUTO GLASS COMPANY OF MEMPHIS INC. D/B/A JACK MORRIS AUTO GLASS v. DAVID GERREGANO COMMISSIONER, DEPARTMENT OF REVENUE, STATE OF TENNESSEE

Appeal from the Chancery Court for Shelby County
No. CH-16-1433     Walter L. Evans, Judge

_____

### No. W2018-01472-COA-R3-CV
_____

This is a taxation dispute between the Commissioner of the Department of Revenue and a Tennessee corporation.  The primary point of contention concerns the proper tax classification of the corporation under Tennessee's Business Tax Act.  After paying an amount of taxes that it deemed improper, the corporation filed a claim for refund.  The Department of Revenue subsequently denied the claim for refund, and the corporation thereafter filed suit seeking a refund in the Shelby County Chancery Court.  The litigation quickly advanced with the filing of competing cross-motions for summary judgment. After a hearing, the chancery court ruled in the corporation's favor, specifically rejecting the Commissioner's tax classification of the business.  For the reasons stated herein, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which ANDY D. BENNETT and KENNY ARMSTRONG, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Brian J. Ramming, Senior Deputy Attorney General, Nashville, Tennessee, for the appellant, David Gerregano,[1] Commissioner, Department of Revenue,

---

[1] This lawsuit was initially filed against Richard Roberts, the previous Commissioner.  During the pendency of the action in the trial court, the current Commissioner, David Gerragano, replaced Commissioner Roberts. Pursuant to Rule 25.04 of the Tennessee Rules of Civil Procedure, Commissioner Gerregano was automatically substituted as a party. *See* Tenn. R. Civ. P. 25.04(1) ("When an officer of the State, a county, a city or other governmental agency is a party to an action in the officer's official capacity and during its pendency dies, resigns, or otherwise ceases to hold the office, the action does not

State of Tennessee.

Robert E. Orians and Rebecca K. Hinds, Memphis, Tennessee, for the appellee, Auto Glass Company of Memphis, Inc. d/b/a Jack Morris Auto Glass.

**OPINION**

**BACKGROUND AND PROCEDURAL HISTORY**

Auto Glass Company of Memphis, Inc., d/b/a Jack Morris Auto Glass ("Jack Morris Auto Glass"), is a Tennessee corporation whose principal place of business is in Shelby County. It was founded nearly 70 years ago, in 1951, and has been continuously engaged in business in Tennessee since that time. As a business, Jack Morris Auto Glass does several things. It is in the business of selling and installing automotive glass and making repairs to damaged automotive glass. Although Jack Morris Auto Glass will on occasion just sell automotive glass to a customer without selling any other related products or services, it typically installs the glass that it sells.

*The Department of Revenue's shifting tax classification determinations*

After the Tennessee Business Tax Act was implemented in 1971, Jack Morris Auto Glass registered with the Tennessee Department of Revenue ("the Department") and filed its business tax returns under Classification 1(B), which includes persons making sales of glass. *See* Tenn. Code Ann. § 67-4-708 (listing the various tax classifications). Following an audit for the 2003-2005 years, the Department did not change this classification and left the business classified—as it had always been—under Classification 1(B). However, following a later audit for the time period 2011-2014, the Department decided that Jack Morris Auto Glass should be reclassified to Classification 3(C) as a seller of services. This new classification, which carried with it an increase in tax liability, was made notwithstanding the fact that neither the relevant law nor the business of Jack Morris Auto Glass had changed in the intervening years.

Jack Morris Auto Glass objected to this reclassification, and the Department thereafter adjusted the proposed tax assessment. However, the adjustment was not made as a result of a decision to classify Jack Morris Auto Glass under Classification 1(B), as Jack Morris Auto Glass thought was proper. Rather, the Department changed Jack Morris Auto Glass's classification to Classification 2(A), which includes persons making sales of motor vehicles and accessories. After Jack Morris Auto Glass objected to this classification, the Department determined that it had mistakenly classified the business under Classification 2(A). However, rather than return it to its previous classification under Classification 1(B), the Department determined that Classification 3(C) was, in

---

abate and the officer's successor is automatically substituted as a party.").

fact, the proper classification. Nevertheless, citing a statute of limitation concern, the Department permitted the business to remain under Classification 2(A) for the audit period and required it to remit taxes under Classification 3(C) going forward, starting in 2015.

*Taxpayer's attempt to seek a refund and subsequent litigation*

On February 12, 2016, Jack Morris Auto Glass paid the assessed tax amount for the audit period 2011-2014 under protest. It then paid business taxes for 2015 under Classification 3(C) as had been directed by the Department. Although an informal taxpayer conference was held with the Commissioner's designee on April 27, 2016 following the request of Jack Morris Auto Glass, the Commissioner's designee upheld the audit division's determinations and proposed assessment in a letter dated May 27, 2016. Shortly thereafter, on July 14, 2016, Jack Morris Auto Glass filed a claim for refund with the Department, seeking to recover alleged overpayments for the 2011-2014 audit period and for the 2015 tax year. This claim for refund was subsequently denied by the Department on July 22, 2016.

Following the denial of its claim, Jack Morris Auto Glass filed a complaint against the Commissioner in the Shelby County Chancery Court on September 2, 2016, seeking a refund of business taxes. According to the complaint, Jack Morris Auto Glass alleged that it should be classified under Classification 1(B), as a seller of "glass," as opposed to under Classification 3(C), as a seller of "services." Among other things, the complaint averred as follows:

> Because most of Jack Morris Auto Glass's income comes from selling a product—glass—it is burdened with a substantial cost of goods sold that must be recovered in its pricing, and it is unjust to treat the taxpayer as if it were a business that generates most of its income from selling services, which do not carry a cost of goods sold in their pricing.

In addition to requesting a refund of over $60,000.00 in taxes it believed were wrongfully collected, Jack Morris Auto Glass prayed for an award of reasonable attorney's fees and expenses pursuant to Tennessee Code Annotated section 67-1-1803(d). On October 13, 2016, the Commissioner filed an answer to the complaint, requesting that it be dismissed with prejudice.

On February 16, 2017, Jack Morris Auto Glass filed a motion for summary judgment, arguing that there was no genuine issue of material fact with respect to its claim for refund. In support of its motion, it relied on a contemporaneously-filed statement of undisputed material facts, a legal memorandum, and the declaration of Paul H. Morris, its President. In his declaration, Mr. Morris stated that the corporation's statements of gross sales reflected that "the major and principal source of taxable gross

sales . . . [is] from the sale of glass." Specifically, Mr. Morris noted that "[g]ross sales revenue from sales of glass were 58.7% and 59.4% of total gross sales for the 2014 year and 2015 year, respectively, with the balance of sales revenue coming from the sale of glass-related products and services, including labor charges[.]" He stated that this was consistent with the breakdowns of gross sales for all of the tax years at issue. According to Jack Morris Auto Glass, in light of such sales figures, the Department's classifications made after its most recent audit were erroneous. Explaining this position in its supporting memorandum of law, it argued as follows: "Because the evidence is uncontroverted that Jack Morris Auto Glass's dominant business activity is the sale of glass, a tangible product, rather than the sale of intangible services, . . . Jack Morris Auto Glass should continue to be taxed under Classification 1(B)—which explicitly applies to the sale of glass—as it had been for the previous forty-plus years." The corporation also contended that Classification 1(B) was appropriate because it was a "service station selling glass for automobiles as its dominant business activity." By statute, Classification 1(B) includes "sales of tangible personal property by persons operating service stations, except sales [of gasoline, diesel fuel and motor oils sold at retail]." Tenn. Code Ann. § 67-4-708(1)(B).

On December 8, 2017, the Commissioner[2] filed his own motion for summary judgment, arguing that Jack Morris Auto Glass's claim for refund should be dismissed. The motion was supported by a number of materials, including a contemporaneously-filed statement of undisputed material facts and memorandum of law. On December 28, 2017, Jack Morris Auto Glass filed materials in response to the Commissioner's motion, and on January 8, 2018, the Commissioner filed a reply memorandum in support of his request for summary judgment. A hearing on the competing summary judgment motions was then held on January 10, 2018.

On July 18, 2018, the chancery court entered a final order granting the motion for summary judgment filed by Jack Morris Auto Glass and denying the motion for summary judgment filed by the Commissioner. In support of its conclusion that Jack Morris Auto Glass was entitled to a refund, as well as an award of attorney's fees as the prevailing party, the chancery court found as follows:

> [T]he dominant business activity of [Jack Morris Auto Glass] is selling glass, as opposed to the service of installation. Jack Morris Auto Glass charges separately for the glass itself, which makes up the majority of its sales, and for the ancillary services, which make up the minority of its

---

[2] This competing motion for summary judgment was formally brought by Commissioner David Gerregano, who referenced that he was a party pursuant to the automatic substitution provision in Rule 25.04 of the Tennessee Rules of Civil Procedure. As indicated in an earlier footnote, this action was initially filed against the previous Commissioner of the Department, Richard Roberts.

- 4 -

sales. Therefore, classification 1(B), which includes the sale of glass, is the appropriate business tax classification for Jack Morris Auto Glass.

Following the chancery court's entry of summary judgment, the Commissioner timely appealed to this Court.

## ISSUE PRESENTED

The sole issue on appeal is whether the chancery court erred in determining that Jack Morris Auto Glass should be classified for business tax purposes under Classification 1(B).

## STANDARD OF REVIEW

This case was decided following competing cross-motions for summary judgment. "Because the resolution of a motion for summary judgment is a matter of law, we review the trial court's judgment de novo with no presumption of correctness." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citation omitted). As this Court has outlined previously:

> In determining whether a grant of summary judgment was proper, we are required to make a fresh determination that the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012) (citations omitted). By rule, a motion for summary judgment should only be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.
>
> "The moving party has the ultimate burden of persuading the court that ... there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." *Town of Crossville Hous. Auth. v. Murphy*, 465 S.W.3d 574, 578 (Tenn. Ct. App. 2014) (citation omitted). If the moving party makes a properly supported motion for summary judgment, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact. *Id.* (citation omitted). When a court is faced with competing cross-motions for summary judgment, it "must rule on each party's motion on an individual and separate basis." *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 83 (Tenn. 2010) (citations omitted). "The denial of one motion does not necessarily imply that the other party's motion should be granted." *Id.* (citation omitted).

*Finch v. O.B. Hofstetter/Anderson Trust*, No. M2016-00562-COA-R3-CV, 2017 WL 2179951, at *3 (Tenn. Ct. App. May 16, 2017).

Inasmuch as the matters at issue in this case involve the imposition of a tax, we must bear in mind that "[t]axation statutes must be liberally construed in favor of the taxpayer and strictly construed against the taxing authority." *Covington Pike Toyota, Inc. v. Cardwell*, 829 S.W.2d 132, 135 (Tenn. 1992) (citation omitted).

## DISCUSSION

Under Tennessee's Business Tax Act, Tennessee Code Annotated section 67-4-701 et seq., taxes are levied for the privilege of doing business. *See Westinghouse Elec. Corp. v. King*, 678 S.W.2d 19, 23 (Tenn. 1984) ("[W]hen construed together, the statutory provisions tax the privilege of doing business as that business is defined by the statute."); *see also Worrall v. Kroger Co.*, 545 S.W.2d 736, 738 (Tenn. 1977) (noting that when the Business Tax Act was enacted "the legislature undertook to create a system of . . . taxation upon the privilege of engaging in certain types of business activities"). Under the enacted taxation scheme, a business is classified according to its dominant business activity, Tenn. Code Ann. § 67-4-708, and the resulting classification determines the rate and due date of the tax that is owed. *Aabakus, Inc. v. Huddleston*, No. 01A-01-9505-CH-00215, 1996 WL 548148, at * 2 (Tenn. Ct. App. Sept. 25, 1996). The "dominant business activity" of a business means "the business activity that is the major and principal source of taxable gross sales of the business." Tenn. Code Ann. § 67-4-702(a)(5).

In this appeal, the parties diverge on the question of how Jack Morris Auto Glass should be classified for purposes of the Business Tax Act. The Commissioner asserts that the chancery court erred in ruling that Classification 1(B) was appropriate and insists that the corporation's dominant business activity is the "sale of services," not the sale of glass, thus making Classification 3(C) the correct classification.[3] On the other hand, Jack Morris Auto Glass urges us to affirm the chancery court's decision that Classification 1(B) applies. It argues that its dominant business activity "is and always has been the sale of glass."

We agree with Jack Morris Auto Glass that its dominant business activity is as a seller of glass, thus making Classification 1(B) appropriate. *See* Tenn. Code Ann. § 67-4-708(1)(B). As we have already noted, the "dominant business activity" is "the business activity that is the major and principal source of taxable gross sales of the business." Tenn. Code Ann. § 67-4-702(a)(5). "The item comprising the largest proportion of

---

[3] Classification 3(C) applies to "[e]ach person making sales of services or engaging in the business of furnishing or rendering services, except those described in subdivisions 3(C)(i)-(xvi)." Tenn. Code Ann. § 67-4-708(3)(C).

taxable gross sales of the business when compared with other items sold determines its classification." Tenn. Comp. R. & Regs. 1320-04-05-.15. Here, the sales figures outlined in the declaration of Paul Morris, the President of Jack Morris Auto Glass, reveal that the majority of the corporation's taxable gross sales were attributable to the sale of glass in the relevant tax years. Although the Commissioner purported to dispute this fact when responding at summary judgment, he did not actually appear to question the proffered underlying data. Rather, he challenged the data's relevance and attempted to emphasize that nearly all sales of glass were accompanied by glass installations. For example, following Jack Morris Auto Glass's documented assertion that 58.7% of total gross sales in 2014 and 59.4% of total gross sales in 2015 were from sales of glass, the Commissioner cited portions of the deposition of Paul Morris as support for the notion that "[v]irtually of Plaintiff's sales included both the glass and the installation of the glass." It is true that, at the cited portions of his deposition, Paul Morris: (1) testified that the business "normally" sells the glass *and* does the installation; (2) agreed that virtually all of the corporation's labor sales also involved the sale of glass; and (3) testified that in the vast majority of cases when product is sold to a customer, the customer will have the corporation install the product. Of course, none of this testimony actually refutes or contradicts the sales figures outlined by Mr. Morris in his prior declaration. It remains uncontroverted that the majority of the gross sales of the corporation are attributable to sales of glass.

In an effort to marshal a legal argument that countenances against the conclusion following from this proof, the Commissioner relies on "Revenue Rule 43," which provides that "[t]he total charges made by those engaged in the business of repairing tangible personal property, including parts, labor, and any other charges, shall be deemed to be service charges and taxable at either the wholesale rate or retail rate, whichever is applicable." Tenn. Comp. R. & Regs. 1320-04-05-.43. According to the Commissioner, because Jack Morris Auto Glass's dealings with most customers involve both charges for purchased glass as well as labor charges for installing the glass, all such charges should be treated as "service charges" under "Revenue Rule 43." This position is held in spite of the fact that the statutory language from which "Revenue Rule 43" is derived clearly provides that "services" "does not include sales of tangible personal property." Tenn. Code Ann. § 67-4-702(a)(21) (Supp. 2018).[4] It is well-settled law that "the Commissioner cannot enlarge the scope of a taxing statute by regulation, and rules contrary to the express directives of a taxing statute are void." *Cardwell*, 829 S.W.2d at 134 (citations omitted).[5] We agree with Jack Morris Auto Glass that the Commissioner's

---

[4] The definition for "services" was previously codified at different numbering in the Code, Tenn. Code Ann. § 67-4-702(a)(20).

[5] The Commissioner also submits that Jack Morris Auto Glass should be classified under Classification 3(C) as a seller of services because, under the Standard Industrial Classification Index, it would be considered an "automotive glass replacement shop," which is classified thereunder as a service. According to the Commissioner, the Standard Industrial Classification Index provides that the sale of glass is considered incidental to its replacement. Although the Commissioner argues that the Business

position regarding this issue is untenable. If the Commissioner's position were endorsed, it would effectively allow the Department, through attempted application of the cited regulation, to define certain sales as "services" in clear conflict with statutory authority.

Because the undisputed facts show that the majority of gross sales for Jack Morris Auto Glass are attributable to sales of glass, as opposed to sales of services, the chancery court did not err in concluding that Classification 1(B), as opposed to Classification 3(C), was appropriate. No doubt, Jack Morris Auto Glass provides services to customers as part of its business, but these services do not as an item comprise the largest proportion of taxable gross sales of the business. *See* Tenn. Comp. R. & Regs. 1320-04-05-.15 ("The item comprising the largest proportion of taxable gross sales of the business when compared with other items sold determines its classification."). The activity that is the major source of taxable gross sales is clearly sales of glass.

## CONCLUSION

For the foregoing reasons, the judgment of the chancery court is affirmed. The case is remanded for such further proceedings as are necessary and consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE

---

Tax Act refers to and adopts the classifications set forth in the Standard Industrial Classification Index, it should be noted that the index is referenced in the context of determining *exceptions* under Classification 3(C). Indeed, the statute wherein Classification 3(C) is codified provides as follows: "It is the legislative intent that the exceptions in subdivisions 3(C)(i)-(xvi) shall include the sales of services by those businesses or establishments so described in the Standard Industrial Classification Index[.]" Tenn. Code Ann. § 67-4-708(3)(C). We further observe that, at the summary judgment hearing, counsel for the Commissioner admitted that the index was not in any way binding, stating, "[W]e're not arguing that the SIC Code controls."