**Marianne Marie LUDWICK, Plaintiff–Appellant,**

v.

**John DOE, Defendant,**

and

**Tennessee Farmers Mutual Insurance Company, Uninsured Motorist Carrier–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Aug. 18, 1995.

Application for Permission to Appeal Denied by Supreme Court Jan. 2, 1996.

Philip R. Crye, of Ridenour, Ridenour & Fox, Clinton, for appellant.

Jerry Shattuck of Shattuck & Elledge, Clinton, for appellee.

*OPINION*

SUSANO, Judge.

This is a negligence action arising out of a collision between two automobiles. It was tried to a jury. The complaint referred to the sole defendant as "John Doe." The defendant was further identified in the complaint as "an unidentified uninsured motorist." Tennessee Farmers Mutual Insurance Company (Insurance Company) was served with process pursuant to T.C.A. § 56–7–1206, a part of the uninsured motorist statutory scheme, T.C.A. § 56–7–1201 *et seq.* The Insurance Company, which insured the owner of the vehicle being driven by the plaintiff at the time of the accident, defended the action in its own name. At the conclusion of the plaintiff's proof, the Insurance Company moved for a directed verdict. The trial court granted the motion, and this appeal resulted. The appellant, plaintiff below, argues that there was proof introduced (a) that the defendant John Doe violated T.C.A. § 55–8–118, the statute pertaining to overtaking a vehicle on the right, and (b) that he committed acts of common law negligence, so as to make a directed verdict inappropriate. We disagree, and accordingly affirm.

We review this case under the following well-established standards:

> In ruling on the motion [for directed verdict], the court must take the strongest legitimate view of the evidence in favor of the non-moving party. In other words, the court must remove any conflict in the evidence by construing it in the light most favorable to the non-movant and discarding all countervailing evidence. The court may grant the motion only if, after assessing the evidence according to the foregoing standards, it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence. (citations omitted). If there is any doubt as to the proper conclusions to be drawn from the evidence, the motion must be denied. (citation omitted).

*Eaton v. McLain,* 891 S.W.2d 587, 590 (Tenn. 1994).

This accident took place on State Highway 61 in Anderson County, a relatively short

distance east of Clinton. At the site of the accident, Highway 61 is a straight paved road with one lane for traffic proceeding in each direction. Each traffic lane is bordered by a paved shoulder. On each side, the paved shoulder is separated from the paved traffic lane by a solid white line. A photograph in the record reflects that the paved shoulders are of the same width and that each is wide enough for a vehicle to traverse its surface without going over into the adjacent unpaved shoulder. In fact, each paved shoulder appears to be almost as wide as one of the traffic lanes.

The proof showed that on December 17, 1992, about dusk, the plaintiff was driving east on Highway 61. She was en route to her home in Caryville, Campbell County, after completing her workday. As she approached the Anderson County High School on her left, she was following an automobile being driven by the defendant John Doe. The plaintiff testified that when they reached the area of the high school the John Doe vehicle moved from the eastbound traffic lane and proceeded to its right on the paved shoulder of the road, passing, and fully exposing to the plaintiff's view, a Jeep that was stopped in the eastbound traffic lane. The driver of the Jeep testified that she was waiting for traffic from the east to pass so she could turn left into the area of the high school. The plaintiff testified she could not stop in time to avoid hitting the rear of the stopped Jeep.

The John Doe vehicle did not stop after the accident. His identity had not been ascertained as of the time of trial.

The plaintiff sought to place blame for the collision on the defendant John Doe. As pertinent here, she alleged in her complaint that he was negligent in failing to maintain his vehicle under "due and reasonable control"; in failing "to maintain a due and proper lookout ahead in the direction in which he was driving"; and in passing to the right of the Jeep in violation of T.C.A. § 55–8–118(b). Pursuant to the standards set forth in *Eaton,* we will review the proof before the trial judge at the conclusion of the plaintiff's proof.

◼ We begin our analysis by quoting the relevant statute, T.C.A. § 55–8–118, a section of which the plaintiff claims was shown by her proof to have been violated:

(a) The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:

(1) When the vehicle overtaken is making or about to make a left turn;

(2) Upon a street or highway with unobstructed pavement not occupied by parked vehicles of sufficient width for two (2) or more lines of moving vehicles in each direction; and

(3) Upon a one-way street, or upon any roadway on which traffic is restricted to one (1) direction of movement, where the roadway is free from obstructions and of sufficient width for two (2) or more lines of moving vehicles.

(b) The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the pavement or main-traveled portion of the roadway.

We view this statute under well established rules of construction. Our role is to ascertain and, if possible, give effect to the legislative purpose or intent as expressed in the statute. *Worrall v. Kroger Co.,* 545 S.W.2d 736, 738 (Tenn.1977). The legislative intent or purpose is to be derived from the natural and ordinary meaning of the language employed by the legislature when read in the context of the whole statute. *National Gas Distributors, Inc. v. State,* 804 S.W.2d 66, 67 (Tenn.1991); *Austin v. Memphis Pub. Co.,* 655 S.W.2d 146, 148 (Tenn.1983). "The language shall not be given any forced construction that extends or places limitations upon the import of that language." *James Cable Partners v. Jamestown,* 818 S.W.2d 338, 341 (Tenn.App.1991). If a statute is unambiguous, we should limit our review to the words of the statute itself. *Tennessee Mfr'd Housing v. Metro. Gov't.,* 798 S.W.2d 254, 257 (Tenn.App.1990). We should presume that the legislature chose its words carefully, and give to them their ordinary and usual meaning, *Id;* however, in deriving the intent of

the legislature, we do not derive that intent "from single or special words in a sentence or section but from the statute taken as a whole." *James Cable Partners* at 342.

The appellant focuses her attention on subsection (b) of the T.C.A. § 55–8–118. We believe her view is too narrow. The statute must be interpreted "as a whole." *Id.*

Subsection (a)(2) of the statute refers to a "street or highway." These words mean the same thing. A street is defined as "the entire width between boundary lines of every way when any part thereof is open to the use of the public for purposes of vehicular travel." T.C.A. § 55–8–101(60). A highway is defined as "the entire width between the boundary lines of every way when any part thereto is open to the use of the public for purposes of vehicular travel." T.C.A. § 55–8–101(21). It is obvious from these definitions, that the concept of a "street" or "highway" contemplates an area that is wider than the part used for the "purposes of vehicular travel." It should also be noted that neither definition is tied to a paved area. We believe that when the definitional language is given its "ordinary and usual meaning" read in the context of the definitions, the conclusion is inescapable that the legislature intended that the words "street" and "highway" would be synonymous with the full right of way. It seems clear to us that the "boundary lines of every *way*" refers to the boundary lines of the *right of way.* Thus a "street" or "highway," as those words are used in T.C.A. § 55–8–118, refers to the part designated for vehicular travel by the public, any paved shoulder, any unpaved shoulder, and any remaining part of the right of way. *Cf. State v. Mains,* 634 S.W.2d 280, 282 (Tenn.Cr.App. 1982).

Our interpretation of the definitions of "street" and "highway" is consistent with the language of T.C.A. § 55–8–118(a)(2) that clearly contemplates that a part of the "street or highway" may include a part designated for parked vehicles.

■ There was no proof that the defendant John Doe violated T.C.A. § 55–8–118. He was overtaking a vehicle stopped to make a left turn. T.C.A. § 55–8–118(a)(1). He was doing it on a highway right of way "with unobstructed pavement not occupied by parked vehicles of sufficient width for two (2) or more lines of moving vehicles in each direction." T.C.A. § 55–8–118(a)(2). There was no proof that he could not pass "in safety." T.C.A. § 55–8–118(b). He clearly did pass the Jeep "in safety." Finally, he made his movement entirely on the pavement. There was no proof that he drove "off the pavement." *Id.*

■ The appellant would have us read T.C.A. § 55–8–118(b) to mean that the defendant could only drive on the pavement if it was also the "main-traveled portion of the roadway." Again she reads this section too narrowly. It is in the disjunctive. In passing to the right, the movement will satisfy the statute *if it is on the "main-traveled portion of the roadway,"* or if it is accomplished on the pavement. The movement to the right was done on the latter. There was no proof the defendant violated the statute. The trial court was correct in directing a verdict as to the alleged violation of the statute.

■ The appellant argues that John Doe was also guilty of common law acts of negligence in that he did not drive with a proper lookout ahead and did not have his vehicle under proper control. The appellant presented no evidence of either common law violation. The defendant passed the Jeep without incident. He did not strike another vehicle and there was no proof that he even had a "near miss." The trial court was also correct in directing a verdict as to the alleged common law acts of negligence.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant and her surety. This case is remanded for collection of costs assessed below.

GODDARD, P.J., and McMURRAY, J., concur.