# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 21, 2002 Session

## SANDOR TURUCZ v. BETTY T. MADEWELL

### Appeal from the Circuit Court for Hamilton County
#### No. 00C888     L. Marie Williams, Judge

### FILED JANUARY 30, 2003

### No. E2001-03134-COA-R3-CV

---

Sandor Turucz sued Betty T. Madewell seeking to recover for personal injuries and property damage sustained by him in a two-vehicle accident in Hamilton County. The case was tried to a jury, who found both parties 50% at fault. The trial court entered its judgment decreeing that "the plaintiff shall have and recover nothing from the defendant." The plaintiff appeals, arguing that errors were made by the trial court in its charge to the jury and that the verdict of the jury is not supported by material evidence. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

John M. Higgason, Jr., Chattanooga, Tennessee, for the appellant, Sandor Turucz.

R. David Benner, Knoxville, Tennessee, for the appellee, Betty T. Madewell.

### OPINION

#### I.

On May 21, 1999, the plaintiff was proceeding south on Moore Road in Hamilton County. When he reached Ringgold Road, he turned right onto it and headed west. After making the turn, he moved to his left into a center turn lane. In this general area, Ringgold Road runs east and west and has two traffic lanes for vehicles proceeding in each direction. The traffic lanes are separated by the aforesaid center turn lane. To the right of the traffic lanes for eastbound traffic is a paved shoulder of the same width as one of the traffic lanes. A solid white line separates the right or outside traffic lane going east from the paved shoulder. The shoulder is bordered on the right by a curb. There are several curb cuts leading to businesses on Ringgold Road.

The defendant had been proceeding east on Ringgold Road in the right hand traffic lane. As she approached a curb cut to her right into a branch of AmSouth Bank, she moved to her right into the paved shoulder of Ringgold Road. It was her intention to continue on the paved shoulder across Moore Road and into a Checkers fast-food restaurant located at the southeast corner of Moore Road and Ringgold Road.

Meanwhile, the plaintiff had stopped his automobile in the center turn lane, waiting for traffic proceeding east to clear, so he could turn left into the branch of AmSouth Bank. While stopped in the turn lane, the plaintiff noticed that there was a gap in the eastbound traffic lanes of Ringgold Road separating traffic that had stopped for the traffic light at the intersection and other traffic in both lanes heading east. The two vehicles that had created the gap by stopping short of the traffic ahead of them motioned for the plaintiff to make his turn in front of them. The plaintiff moved across the two eastbound traffic lanes, but his view of the paved shoulder was blocked by the line of stopped vehicles in the two lanes. He proceeded into the paved shoulder whereupon the right front of his vehicle was struck by the front of the defendant's vehicle. As a result of the collision, the two vehicles landed at the southeast corner of the entrance to the bank. The plaintiff's vehicle was up against a small bank sign and the defendant's vehicle was to the right of and up against the plaintiff's vehicle.

To assist the reader in understanding the dynamics of the accident and the roadway where it occurred, we are attaching as Appendix A a rough-sketch, not-drawn-to-scale diagram of the scene, which was introduced into evidence. Also attached is Appendix B, a photograph looking in the direction the defendant was proceeding. It is undisputed that the plaintiff made his left turn at approximately the same point as the car in the turn lane shown in the photograph.

II.

A.

As we understand the plaintiff's brief, he raises four issues with respect to the trial court's charge to the jury. First, he contends that the trial court erred in charging the jury regarding certain of the statutory rules of the road because, according to the plaintiff, the collision occurred either on the paved shoulder or in the bank's private driveway and, so the argument goes, the rules of the road do not apply to these areas.

In the alternative, the plaintiff argues that, assuming the rules of the road are applicable, the trial court erred (1) in substituting the words "street or highway" for the words "pavement or main-traveled portion of the roadway" when it charged the jury with respect to Tenn. Code Ann. § 55-8-118(b) (1998); (2) in charging the jury about the plaintiff's obligation to make a proper left-hand turn before it charged the jury with respect to, in the plaintiff's words, the defendant's "improper passing"; and (3) in failing to charge the jury with respect to the reckless driving statute, Tenn. Code Ann. § 55-10-205 (1998).

-2-

B.

The law pertaining to jury instructions is discussed at some length in the case of ***Ladd v. Honda Motor Co., Ltd.***, 939 S.W.2d 83 (Tenn. Ct. App. 1996):

> Juries have the exclusive duty to decide all disputed questions of fact submitted to them, based on the law as explained by the trial court. Thus, the soundness of every jury verdict rests on the fairness and accuracy of the trial court's instructions. Since the instructions are the sole source of the legal principles needed to guide the jury's deliberations, trial courts must give substantially accurate instructions concerning the law applicable to the matters at issue.
>
> Jury instructions need not be perfect in every detail. A single erroneous statement will not necessarily undermine otherwise proper instructions that, on the whole, fairly define the issues and do not mislead the jury.
>
> Instructions must be viewed as a whole, and the challenged portion of the instructions should be considered in light of its context. An erroneous instruction will not be considered reversible error if the trial court explains or corrects it in other portions of the charge.
>
> Juries are generally composed of persons who do not have formal legal training. Accordingly, a trial court's instructions should be couched in plain terms that lay persons can readily understand. It also follows that appellate courts must view the challenged instructions not through the practiced eyes of a judge but rather through the eyes of an average lay juror.

***Id.*** at 93-94 (citations omitted).

C.

In his first issue, the plaintiff contends that the trial court did not give "substantially accurate instructions concerning the law applicable to the matters at issue," ***id.*** at 94, when it charged the jury with respect to certain of the rules of the road, in view of the fact that, according to the plaintiff, the rules of the road are not applicable to an accident on the shoulder of the road or on private property. He relies upon the case of ***Richards v. Domalik***, C/A No. E2000-01882-COA-R3-CV, 2001 WL 355568, 2001 Tenn. App. LEXIS 231 (Tenn. Ct. App. E.S., filed Apr. 10, 2001).

At the outset, it should be noted that *all* of the evidence shows that this accident occurred in the paved shoulder of Ringgold Road. As reflected on Appendix A, the investigating officer testified

that the "POI," *i.e.*, the point of impact, as shown by the debris, was in the paved shoulder. He placed "POI" on Appendix A accompanied by an asterisk in the middle of the paved shoulder to pinpoint where the vehicles collided. Both of the parties to this litigation also testified that this was the location of the collision. While the vehicles came to rest off the paved shoulder, there is no evidence to support a jury instruction with respect to an accident on private property. Thus, the real question for us is whether a collision between two motor vehicles on a paved shoulder is covered by the rules of the road.

The ***Richards*** case involved a collision between a bicycle, proceeding against traffic on a paved shoulder, and an automobile coming out of a pizza restaurant to the left of the bicyclist. ***Id.*** at *1, 2001 Tenn. App. LEXIS 231, at *2-*3. We vacated the jury's verdict for the defendant because of what we found to be reversible errors in the trial court's charge. ***Id.*** at *4, 2001 Tenn. App. LEXIS 231, at *14. In the course of our comments regarding the charge that should be given at the trial on remand, we noted that it was not clear in the record whether the bicycle, "[a]t the time of the collision, ... was ... on the extreme left side of the right-of-way or on private property." ***Id.*** at *6, 2001 Tenn. App. LEXIS 231, at *18. We advised the trial court as to how the jury should be instructed if it found that the collision occurred in the right-of-way and how it should be charged in the event the jury found that the accident occurred on private property. ***Id.*** at *6-*7, 2001 Tenn. App. LEXIS 231, at *20-*21.

In the course of our opinion in ***Richards***, we noted that if the bicycle had been on the shoulder and not on the "roadway" at the time of the collision, Tenn. Code Ann. § 55-8-175(a)(1) (1998) did not apply to the bicycle because that statute expressly refers to "operating a bicycle upon a *roadway*." ***Id.*** at *6, 2001 Tenn. App. LEXIS 231, at *19 (emphasis added). There is nothing in ***Richards*** that can be reasonably interpreted as stating that the rules of the road do not apply to a collision between two motor vehicles on a paved shoulder. In any event, ***Richards*** involves a bicycle being operated on the shoulder of the road, proceeding against traffic, and its various holdings must be read in light of these facts. *See **National Life & Accident Ins. Co. v. Eddings***, 188 Tenn. 512, 522-23, 221 S.W.2d 695, 699 (1949).

The trial court did not err in charging the rules of road in this case. The accident happened on a public right-of-way. The statutes charged were clearly applicable to the facts of this case. *See, e.g., **Ludwick v. Doe***, 914 S.W.2d 522 (Tenn. Ct. App. 1995).

D.

The plaintiff next contends that the trial court did not properly charge Tenn. Code Ann. § 55-8-118(b). That statute, dealing with passing a vehicle on the right, provides as follows:

> The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the pavement or main-traveled portion of the roadway.

In charging this statute, the trial court told the jury

> Tennessee Code Annotated Section 55-8-118 provides in pertinent part: The driver of a vehicle may overtake and pass upon the right of another vehicle upon a street or highway only under conditions which permit that movement to be made in safety.

The plaintiff argues that the trial court should not have substituted the language "street or highway" for the statutory language of "pavement or main-traveled portion of the roadway."

We have held that, as defined in the rules of the road, "street" and "highway" mean the same thing. *Ludwick*, 914 S.W.2d at 525. They are "synonymous with the full right of way." *Id.* Thus, it can be seen that a "street" or "highway" will almost always be a wider area than the "pavement or main-traveled portion of the roadway." *Id.* This is because the right of way typically includes some unpaved portion.

We do not believe the jury was confused by the failure of the trial court to charge the second sentence of the statute under discussion. Everyone agrees that the defendant was on the right of way and that she did not drive "off the pavement or main-traveled portion of the roadway." She was, at all relevant times, on the paved shoulder; hence, she was on the "street or highway." The key part of the charge was that the passing had to be made "under conditions which permit that movement to be made in safety." Nothing pertinent would have been added to the charge *in this case* by the use of the language of the second sentence of Tenn. Code Ann. § 55-8-118(b).

We find no error in this part of the trial court's charge.

E.

The plaintiff contends that the giving of the charge with respect to a left-hand turn before the charge applicable to the defendant's driving was, in some unexpressed way, prejudicial to the plaintiff. We know of no case authority requiring that one portion of a charge in an automobile accident case be given before another portion. The important question is whether the "instructions [are] couched in plain terms that lay persons can readily understand." *Ladd*, 939 S.W.2d at 94.

In the instant case, the trial court's charge was both comprehensive and clear. Lest there be any confusion regarding the placement of concepts in the charge, the trial court instructed the jury as follows:

> All of the instructions are equally important. The order in which these instructions are given has no significance. You must follow all of the instructions and not single out some and ignore others.

We find the plaintiff's issue under discussion to be without merit.

F.

The last issue pertaining to the charge deals with the "failure" of the trial court to charge Tenn. Code Ann. § 55-10-205(a). That statute provides as follows:

> Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

The plaintiff did not request a charge pertaining to this statute. The Supreme Court has clearly held that

> in order to predicate error upon an alleged omission in the instructions given to the jury by the trial judge [a party] must have pointed out such omission to the trial judge at trial by an appropriate request for instruction.

***Rule v. Empire Gas Corp.***, 563 S.W.2d 551, 554 (Tenn. 1978).

The "error" asserted by the plaintiff with respect to the reckless driving statute cannot be noticed by this court in view of the failure of the plaintiff to seek the subject instruction.

III.

As his final issue, the plaintiff contends that the jury's verdict "is not supported by the physical evidence and testimony of the parties." This issue brings into play our standard of review in jury case, *i.e.*, whether there is any material evidence to support the jury's verdict. ***Dickey v. McCord***, 63 S.W.3d 714, 719 (Tenn. Ct. App. 2001).

There was evidence before the jury showing that the plaintiff entered the turn lane by passing over double yellow lines as he moved into a portion of the turn lane that had two arrows pointing north, thereby reflecting that the area was for vehicles turning left from Ringgold Road north onto Moore Road. There was also evidence that the plaintiff attempted to cross the paved shoulder without first ascertaining that he could pass in safety. The fact that traffic had waved him through did not relieve the plaintiff of his obligation to exercise due care for his own safety. ***Phillips v. Lieb***, C/A No. 03A01-9806-CV-00186, 1998 WL 880912, at *3, 1998 Tenn. App. LEXIS 845, at *8-*9 (Tenn. Ct. App. E.S., filed Dec. 17, 1998) (stating "The motioning of another driver is not an adequate substitute for one's own assurance that there is no approaching traffic that will interfere with the latter's safe entry onto the highway.") *See also **Martinez v. Martinez***, C/A No. E2000-01990-COA-R3-CV, 2001 WL 256152, 2001 Tenn. App. LEXIS 168 (Tenn. Ct. App. E.S., filed Mar. 15, 2001).

We find material evidence to support the jury's verdict assessing 50% of fault to the plaintiff.

IV.

      The judgment of the trial court is affirmed. Costs on appeal are taxed to Sandor Turucz. This case is remanded to the trial court for collection of costs assessed there, pursuant to applicable law.

 

_____
CHARLES D. SUSANO, JR., JUDGE