IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 4, 2018

**CITY OF CHURCH HILL v. ROGER ELLIOTT**

**Appeal from the Circuit Court for Hawkins County
No. 2016CV124     Alex E. Pearson, Judge**

_____

**No. E2018-00095-COA-R3-CV**

_____

Roger Elliott ("Elliott") appeals the January 23, 2018 order of the Circuit Court for Hawkins County ("the Trial Court") holding that Elliott had violated Church Hill Municipal Ordinance No. 11-101 and assessing a civil penalty of $25.00 against Elliott for the violation. We find and hold that the evidence in the record on appeal does not preponderate against the Trial Court's finding that Elliott violated Church Hill Municipal Ordinance No. 11-101. We, therefore, affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which W. NEAL MCBRAYER and ARNOLD B. GOLDIN, JJ., joined.

Roger Elliott, Church Hill, Tennessee, pro se appellant.

William E. Phillips, II, Rogersville, Tennessee, for the appellee, City of Church Hill.

**MEMORANDUM OPINION[1]**

**Background**

In December of 2015, Officer Kevin Grigsby of the Church Hill Police Department issued a traffic citation to Elliott for "improper passing." The case was heard

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

by the Municipal Court of Church Hill, and Elliott was found guilty of "improper passing" and fined $25.00.

Elliott appealed to this Court. By Opinion issued in February of 2017, this Court determined that it lacked subject matter jurisdiction as the underlying matter was criminal in nature and transferred the case to the Court of Criminal Appeals. *City of Church Hill v. Elliott*, No. E2016-01915-COA-R3-CV, 2017 WL 658264 (Tenn. Ct. App. Feb. 17, 2017), *no appl. perm. appeal filed*.

The Court of Criminal Appeals considered the case and issued its Opinion in June of 2017. *City of Church Hill v. Elliott*, No. E2016-01915-CCA-R3-CD, 2017 WL 2591371 (Tenn. Crim. App. June 15, 2017), *no appl. perm. appeal filed*. The Court of Criminal Appeals held that the Municipal Court of Church Hill erred in finding Elliott guilty of a violation of Tenn. Code Ann. § 55-8-118 and remanded the case for a new trial to determine if Elliott had violated a municipal ordinance of the City of Church Hill. *Id*. at *5.

Upon remand, the Trial Court held a new trial. The Statement of the Evidence approved by the Trial Court states, in pertinent part:

Present in Court were Appellant, Roger Elliott; counsel for the City of Church Hill, William E. Phillips II; and Church Hill Officer Kevin Grigsby. [The City of Church Hill] gave a brief opening statement. [Elliott] declined to give an opening statement.

The City of Church Hill first called Ms. Emily Wood. Ms. Wood identified herself as the City Recorder for Church Hill, and identified and authenticated Church Hill Municipal Ordinance No. 11-10. Ms. Wood read said Ordinance verbatim, and a copy of said Ordinance was made an exhibit to her testimony without objection from Appellant. Appellant did not cross-examine Ms. Wood or object to her testimony.

Church Hill next called Church Hill Police Officer Kevin Grigsby. Officer Grigsby was the citing officer and testified to the events which led him to civilly cite Mr. Elliott. A compact disc containing a dash-cam video of the event as it occurred was introduced through Officer Grigsby and made an exhibit to his testimony without objection from [Elliott]. The video shows [Elliott's] vehicle travelling along Main Street in the city limits of Church Hill. Main Street is a two lane road. [Elliott's] vehicle approaches a vehicle stopped in the same lane of travel at a four-way intersection of Main Street and Central Avenue. The stopped vehicle is

operating its left turn signal. There is no left turning lane off of Main Street at said intersection. Said intersection has a traffic light, which was green for Main Street. [Elliott's] vehicle leaves the main-traveled portion of the roadway with all four tires crossing the right fog line to pass the stopped vehicle on the right shoulder. In passing the vehicle stopped at the intersection in the main lane of travel, [Elliott's] vehicle exits the right shoulder of Main Street into the right-of-way of Central Avenue before returning to the main-traveled portion of Main Street. Officer Grigsby testified that he cited [Elliott] because [Elliott's] pass of the stopped vehicle via the shoulder at a busy intersection was unsafe. He testified to several reasons why the passing was unsafe. Specifically, if a vehicle travelling in the opposite direction on Main Street attempted to turn left onto Central Avenue during the green light, said vehicle would see the stopped vehicle with its left turn signal on in the lane of travel, and would likely not see a vehicle entering the right-of-way of Central Avenue from the shoulder. He testified that such an event could lead to a collision. Also, if the light had changed, a vehicle traveling along Central Avenue from [Elliott's] left would be blocked from seeing [Elliott's] vehicle entering the right-of-way of Central Avenue by the vehicle stopped in the proper lane of travel until it was too late to avoid a collision. [Elliott] did not cross-examine Officer Grigsby, and did not object to his testimony or to the entry of the video as an exhibit to his testimony.

[Elliott] did not call any witnesses, did not testify, and did not otherwise introduce any proof. Mr. Elliott did not make any closing argument.

After trial, the Trial Court entered its order on January 23, 2018 finding and holding, *inter alia*:

Present before the Court were Roger Elliott, *pro se*; William E. Phillips II, municipal attorney for the City of Church Hill; and the citing officer Kevin Grigsby. The parties were sworn, and the Court took the following proof:

The City of Church Hill first called Church Hill City Recorder Emily Wood. Ms. Wood read verbatim Church Hill Municipal Ordinance No. 11-101, which incorporates by cross-reference the *language* of Tenn. Code Ann. § 55-8-118; a copy of which was made an exhibit to her testimony. Church Hill next called Church Hill Police Officer Kevin Grigsby. Officer Grigsby was the citing officer and testified to the events which led him to civilly cite Mr. Elliott. A compact disc containing a dash-cam video of the

event as it occurred was introduced through Officer Grigsby and made an exhibit to his testimony. The video shows Mr. Elliott's vehicle travelling along Main Street in the city limits of Church Hill where he encounters a left turn signaling vehicle at the intersection of Main Street and Central Avenue. Said intersection has a traffic light. Mr. Elliott's vehicle leaves the main-traveled portion of the roadway with all four tires crossing the right fog line to pass the stopped, left turn signaling vehicle on the right. In passing the left turn signaling vehicle, Mr. Elliott's vehicle exits the right shoulder of Main Street, not the main-traveled portion of the roadway, into the right-of-way of Central Avenue before returning to the main-traveled portion of Main Street.

Mr. Elliott did not ask Ms. Wood or Officer Grigsby any questions. Mr. Elliott did not call any witnesses, did not testify, and did not otherwise introduce any proof. Mr. Elliott did not make any argument.

Based upon the testimony of the witnesses and the evidence submitted, the Court finds by a preponderance of the evidence that Mr. Elliott violated Church Hill Municipal Ordinance No. 11-101, which incorporates by cross-reference the *language* of Tenn. Code Ann. § 55-8-118, in that Mr. Elliott passed a stopped, left turn signaling vehicle on the right by driving his vehicle off the main-traveled portion of the roadway, and unsafely entered the right-of-way of Central Avenue from the shoulder of Main Street, and crossing Central Avenue before returning to the lane of travel on Main Street.

The Trial Court's January 23, 2018 order assessed Elliott a civil penalty of $25.00. Elliott appeals to this Court.

### Discussion

Elliott raises one issue on appeal, which we quote:

Whether this Court's *Ludwick v. Doe*, 914 S.W.2d 522, 1995 ruling that Tennessee Code Annotated § 55-8-118 permits safely using any paved part of a street to pass right of a left-turning vehicle proves Roger Elliott was wrongly fined for driving entirely on East Main Boulevard's paved shoulder to safely pass a left-turning vehicle.

Our review is de novo upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the

4

evidence is otherwise. Tenn. R. App. P. 13(d); *Kelly v. Kelly*, 445 S.W.3d 685, 692 (Tenn. 2014). A trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Kelly v. Kelly*, 445 S.W.3d at 692.

The record before us on appeal reveals that Church Hill Municipal Ordinance No. 11-10 incorporates by reference the language of Tenn. Code Ann. § 55-8-118, which provides, in pertinent part:

> (a) The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:
> (1) When the vehicle overtaken is making or about to make a left turn;
> (2) Upon a street or highway with unobstructed pavement not occupied by parked vehicles of sufficient width for two (2) or more lines of moving vehicles in each direction; and
> (3) Upon a one-way street, or upon any roadway on which traffic is restricted to one (1) direction of movement, where the roadway is free from obstructions and of sufficient width for two (2) or more lines of moving vehicles.
> (b) The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting that movement in safety. In no event shall the movement be made by driving off the pavement or main-traveled portion of the roadway.

Tenn. Code Ann. § 55-8-118 (2017)[2].

In his brief on appeal, Elliott appears to argue that he safely used a paved portion of Main Street when he passed the left-turning vehicle, and that pursuant to *Ludwick v. Doe* he should not have received a citation. Elliott is mistaken. The case now before us on appeal is distinguishable from *Ludwick v. Doe*, 914 S.W.2d 522 (Tenn. Ct. App. 1995), and the proof in the record on appeal shows that Elliott did not pass the left-turning vehicle under conditions permitting the movement in safety.

In *Ludwick v. Doe*, the plaintiff asserted that a John Doe driver traveling in front of her vehicle who passed a left-turning vehicle violated Tenn. Code Ann. § 55-8-118 and was responsible for plaintiff colliding with the rear-end of the left-turning vehicle. *Id.* at 524. The plaintiff was traveling behind the John Doe driver who "moved from the eastbound traffic lane and proceeded to its right on the paved shoulder of the road, passing, and fully exposing to the plaintiff's view a Jeep that was stopped in the eastbound traffic lane." *Id.* Plaintiff was unable to stop and collided with the left-turning

---

[2] The portion of Tenn. Code Ann. § 55-8-118 quoted above was in effect when Elliott received the citation. Other portions of the statute, not applicable to this case, have since been added.

Jeep. *Id*. The *Ludwick* Court interpreted Tenn. Code Ann. § 55-8-118 and held that the "interpretation of the definitions of 'street' and 'highway' is consistent with the language of T.C.A. § 55-8-118(a)(2) that clearly contemplates that a part of the 'street or highway' may include a part designated for parked vehicles." *Id*. at 525. The *Ludwick* Court further stated: "In passing to the right, the movement will satisfy the statute if it is on the 'main-traveled portion of the roadway,' or if it is accomplished on the pavement." *Id*. at 525. The case now before us on appeal is distinguishable from *Ludwick v. Doe* because the *Ludwick* Court found that "[t]here was no proof the defendant violated the statute," and the record in the case now before us on appeal reveals that there is proof that Elliott violated the statute. *Id*.

Officer Grigsby testified that Elliott's passing the left-turning vehicle via the shoulder at a busy intersection violated the statute and was unsafe. As contained in the Statement of the Evidence, Officer Grigsby cited without contradiction several reasons why it was unsafe. Furthermore, the video introduced depicting the traffic stop supports Officer Grigsby's testimony and shows that in passing the left-turning vehicle Elliot's vehicle left "the main-traveled portion of the roadway with all four tires crossing the right fog line . . . ." Further, Officer Grigsby testified that Elliott's vehicle exited the right shoulder of Main Street into the right-of-way of Central Avenue before returning to the main-traveled portion of Main Street.

The evidence in the record on appeal does not preponderate against the Trial Court's finding that Elliott's passing of the left-turning vehicle at the four-way intersection was not made under conditions permitting the movement in safety. In fact, there is no evidence in the record on appeal to the contrary. Elliott did not testify, did not produce any witnesses of his own, did not cross-examine Officer Grigsby or Emily Wood, did not object to Officer Grigsby's or Ms. Wood's testimony, did not object to the introduction of the video depicting the traffic stop, and did not make any argument at trial. The only evidence in the record on appeal supports the Trial Court's finding that Elliott violated Church Hill Municipal Ordinance No. 11-101. There simply is no evidence whatsoever to the contrary. The evidence does not preponderate against the Trial Court's finding, and we, therefore, affirm the Trial Court's January 23, 2018 order assessing Elliott a civil penalty of $25.00 for violating Church Hill Municipal Ordinance No. 11-101.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the

Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Roger Elliott.

 

_____
D. MICHAEL SWINEY, CHIEF JUDGE